GEORGE A. PILLSBURY, Appellant, v. GEORGE BALDWIN, Appellee.

## Action to Quiet Title: PLEADING: EVIDENCE.

*Appeal from Woodbury District Court.*—HON C. H. LEWIS, Judge.

FRIDAY, OCTOBER 14, 1892.

THIS is an action in equity, the object of which is to quiet the alleged title of the plaintiff in certain real estate, situated in Woodbury county. There was a full trial upon the merits, and a decree for the defendant. The plaintiff appeals.—*Affirmed.*

*H. E. Long,* for appellant.

*L. C. Watkins* and *Wright & Hubbard,* for appellee.

ROTHROCK, J.—Both parties claim under a common source of title. The real estate in controversy was at one time owned by E. H. Van Beuchsten. He died seized of the land on or about August 2, 1870, and by his last will and testament he authorized and empowered his executors, or such of them as should qualify to sell said real estate. John S. Ferguson was named as one of the executors, and he qualified and took upon himself the execution of the will. He was the sole executor. On the sixth day of April, 1871, he sold and conveyed the land to one David

R. Nutter. The conveyance was filed for record on the thirty-first day of August, 1872, and was recorded in the records of Woodbury county. The plaintiff claims to be the owner of the land by several intermediate conveyances commencing with Nutter and running down to the plaintiff. The defendant by his answer claims to be the owner of the land under a conveyance made on the fifteenth day of December, 1871, by said Ferguson, as executor, to one George Duryee, which conveyance was filed for record in the recorder's office of Woodbury county on the thirtieth day of April, 1872. It is not disputed that each of the parties holds whatever title was conveyed by the two deeds above mentioned.

It will be observed that the deed under which the plaintiff holds was made and delivered before the conveyance under which the defendant claims, but the last deed was first filed for record. The conveyance made to Duryee, and through which the defendant claims title, is what is known as a "special warranty deed," and is sufficient in form to sustain the title of the defendant if the evidence establishes the fact that at the time Duryee purchased the land and took his conveyance he paid a valuable consideration therefor, and had no knowledge that Ferguson had made a previous conveyance of the land to David R. Nutter. If such was the fact, the law regards Duryee as an innocent purchaser for value without notice of a prior unrecorded deed, and his grantees, immediate and remote, will hold the land as against a grantee under the prior unrecorded deed. This is an elementary principle which is not disputed by the counsel of the respective parties.

The sole question necessary to be considered is whether the title under Duryee should prevail over the conveyance made to Nutter. The deposition of Duryee was taken and introduced in evidence by the defendant. It appears therefrom without question that he bought the land, paying a valuable consideration, and that he had no knowledge that Ferguson had made a prior conveyance to Nutter. This evidence is not contradicted by any witness. It is true the executor, Ferguson, testified that he had no recollection of making a conveyance to Duryee. But there is no evidence in denial of the testimony of Duryee that the conveyance was executed and delivered. Indeed, the facts necessary to sustain the title under the Duryee conveyance appear to be so well established as to leave but little ground for discussion or debate.

It is claimed by counsel for the appellant that the evidence to sustain the defendant's title to the land should not have been received in the court below because there was "no basis on the defendant's pleadings for the introduction of the same." Objection was made to the evidence in the court below, and the objection is renewed here. It is true the defendant did not in terms aver in his answer that Duryee was a good-faith purchaser for value and without notice of a previous conveyance. But he did set up and rely on the conveyance to Duryee. He alleged that the land was sold and conveyed by Ferguson for value by a warranty deed, and that the conveyance was filed for record April 30, 1872; and that, under and by virtue of the several conveyances from Duryee down to the defendant, he became and is the owner in fee of all

the land described in the plaintiff's petition. The answer would have been more explicit if it had in terms averred that Duryee had no notice of the prior conveyance. But this omission was a mere defect in the pleading, not to be taken advantage of upon the introduction of the evidence, but by motion to make the pleading more specific. There was no question that the defendant by his answer claimed under the Duryee conveyance. The court below found that the defendant's title, as above set out, was good as against the plaintiff, and also that the defendant held a good title under a sale of the land for taxes and a deed made in pursuance thereof. It is unnecessary to determine the validity of the tax title. Having held that the defendant's title under the Duryee conveyance should prevail, it is an end of the case.

The decree of the district court is AFFIRMED.